## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 15 B 11704 |
| Pablo Aguila, ) | Chapter 13 |
| ) | Hon. Jack B. Schmetterer |
| Debtor, ) | Trustee Tom Vaughn |
| _____/ ) | Adversary No. 15 AP 00388 |
| ) | |
| Pablo Aguila, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Ocwen Financial Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____/ ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations made in the Complaint filed on behalf of Pablo Aguila (the "Plaintiff") have been taken as confessed against Ocwen Financial Corporation (the "Defendant"), the following findings of fact and conclusions of law are made and will be entered:

1. That this Honorable Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).

2. That this is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(k).

3. That the venue is properly placed in this District pursuant to 28 U.S.C. § 1409.

4. That the Plaintiff's primary residence is commonly known as 5149 W. Henderson Street, Chicago, IL 60641, and has been assigned Real Estate PIN 13-21-412-039-0000 (the "Property").

5. That on March 31, 2015, the Plaintiff filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois, Case Number 15 B 11704.

6. That on June 9, 2015, the Plaintiff filed an Adversary proceeding and Complaint against the Defendant, pursuant to 11 U.S.C. § 1506(a) and Bankruptcy Rule 3012, to determine the validity of the Defendant's lien on the Plaintiff's Property.

7. That on June 9, 2015, service of the Summons and Complaint was made on the Defendant by first-class United States Mail, postage prepaid, and addressed, pursuant to Bankruptcy Rule 7004.

8. That Nationstar Mortgage, L.L.C. holds a primary mortgage against the Property.

9. That the Plaintiff currently owes a balance of $242,407.00 on the primary mortgage held by Nationstar Mortgage, L.L.C. against the Property.

10. That the Defendant holds a junior mortgage against the Property.

11. That the Plaintiff currently owes a balance of $67,947.00 on the junior mortgage held by the Defendant against the Property.

12. That on May 11, 2015, the Plaintiff obtained an appraisal of the Property (based on current market analysis) that indicated a value of $159,666.66.

13. That Nationstar Mortgage, L.L.C. has filed a Proof of Claim in the underlying Chapter 13 Bankruptcy case (15 B 11704) in the secured amount of $242,412.44.

14. That the Defendant has not filed a Proof of Claim in the underlying Chapter 13 Bankruptcy case (15 B 11704).

15. That the Plaintiff's credit report, obtained on March 28, 2015 from CIN Legal Data Services, was relied upon in scheduling the primary mortgage balance owed to Nationstar Mortgage, L.L.C. on the Plaintiff's Chapter 13 Bankruptcy schedules.

16. That the Plaintiff's credit report, obtained on March 28, 2015 from CIN Legal Data Services, was relied upon in scheduling the junior mortgage balance owed to the Defendant on the Plaintiff's Chapter 13 Bankruptcy schedules.

17. That Section 1322(b)(2) of the U.S. Bankruptcy Code permits modification of rights of secured claims holders, other than claims secured only by a security interest, in real property that is the debtor's principal residence. See *In Re Plourde*, 402 B.R. 488 (Bankr.N.H. 2009); *In Re Kheng*, 202 B.R. 538 (Bankr.D.R.I. 1996); *In Re Murphy*, 175

Case 15-00388    Doc 11    Filed 07/31/15    Entered 08/03/15 12:18:54    Desc Main
Document    Page 3 of 3

15-00388:5.1:Motion for Default Judgment:Exhibit Findings of Fact and Conclusions of Law Entered: 7/16/2015 4:19:55 PM by:Brian Deshur Page 3 of 3

B.R. 134, 137 (Bankr.D.Mass. 1994); *In Re McGregoe*, 172 B.R. 718 (Bankr.D.Mass. 1994); and *In Re Legowski*, 167 B.R. 711 (Bankr.D.Mass. 1994).

18. That the Defendant has not filed an Appearance or responsive pleading in the instant matter.

WHEREFORE, for the foregoing reasons, a Judgment of Default shall be entered in favor of the Plaintiff and against the Defendant valuing the Property at $159,666.66.

_____
Honorable Judge Jack B. Schmetterer

Date  7/30/15
JUL 30 2015